# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| RAY MOORE, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) CASE NO. 2:19-cv-223-ALB |
| AUTOMOTIVE FINANCE CORP., | ) |
| Defendant-Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court on appeal from the Bankruptcy Court's order dismissing Ray Moore's ("Plaintiff") Amended Complaint against Automotive Finance Corporation ("Defendant") for failure to state a claim upon which relief may be granted. Having reviewed the record, the parties' briefs, and applicable law, this Court affirms.

## Background

The following facts are taken from Plaintiff's First Amended Complaint. *See* Doc. 2-12.

Plaintiff was in the car business and declared bankruptcy. Plaintiff owed Defendant a sum of money, and that debt was discharged in the bankruptcy in 2016.

About two years after the bankruptcy, Plaintiff and a business partner organized a new company to purchase automobiles at dealer or wholesale prices and to resell those cars to consumers for a profit.

Plaintiff's new company attempted to gain access to physical and virtual automobile auction sites through an entity known as AuctionAccess. AuctionAccess is the entity through which an automotive dealer must obtain credentials to purchase wholesale automobiles at hundreds of auctions across North America (including Canada and Mexico). It is the number one dealer credentialing system for the wholesale auction industry in North America. The AuctionAccess card is a dealer's gateway into the wholesale auction physical and online lanes and a tool for AuctionAccess' auction partners to verify photo IDs, proper dealer licenses and other credentialing documents necessary to conduct business in the wholesale industry. AuctionAccess controls access, through its credentialing system, to Adesa and Manheim, which are the largest and most significant automobile wholesale and/or remarketing companies in North America.

AuctionAccess denied Plaintiff, his partner, and his new company access through the credentialing system. A representative of AuctionAccess informed them that Defendant had blocked them from obtaining buyer credentials. Specifically, "AuctionAccess denied or rejected [Plaintiff's] applications or requests based upon

a directive or instruction from Defendant." (Doc. 2-12 ¶ 29). The representative arranged for Plaintiff and Defendant to discuss the reasons for the block.

Plaintiff and Defendant had the following conversation. Defendant advised Plaintiff that he owed a substantial amount of money. Plaintiff argued that the debt was discharged in the bankruptcy. Defendant advised that it was under no obligation to allow Plaintiff to obtain buyer credentials from AuctionAccess. Defendant suggested that it would remove its block for an amount of money. Plaintiff suggested one thousand dollars. Defendant said "make it two thousand and we have a deal." (Doc. 2-12 ¶ 40). Defendant later confirmed by email that it would "accept $2,000.00 in consideration for informing Auction Insurance Agency that the outstanding matter with [Defendant] has been resolved." (Doc. 2-12 ¶ 43).

Plaintiff sued Defendant for violating the bankruptcy discharge in 11 U.S.C. § 524(a). The Bankruptcy Court initially dismissed the Complaint without prejudice. After Plaintiff amended the Complaint, the Bankruptcy Court dismissed the Amended Complaint with prejudice for failure to state a claim upon which relief may be granted.

This appeal followed.

## Jurisdiction

The Court has jurisdiction over this appeal under 28 U.S.C. § 158.

## Standard of Review

The Bankruptcy Court's legal conclusions are reviewed *de novo*. *Educ. Credit Mgmt. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## Discussion

The Bankruptcy Court correctly held that Plaintiff's Amended Complaint did not state a claim for violating the discharge injunction under 11 U.S.C. § 524(a). Section 524 provides that a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. 11 U.S.C. § 524(a)(2). The Supreme Court has recently held that "[a] court may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019). In other words, if there is "an objectively reasonable basis for concluding that the creditor's conduct might be lawful," *id.* at

1801, then the Bankruptcy Court cannot find that the creditor violated the discharge order.

Under the facts as alleged in the Amended Complaint, there was an objectively reasonable basis to conclude that Defendant's conduct was lawful. It is well established that the bankruptcy discharge does not eliminate the underlying debt, but only the debtor's personal liability for paying the debt. *See, e.g., Matter of Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993). It is also well-established, with some exceptions not applicable here, that a creditor is not required to do business with a debtor just because the debtor has received a discharge in bankruptcy. *See, e.g., Brown v. Penn. State Employees Credit Union*, 851 F.2d 81, 85 (2d Cir. 1988). For that reason, a creditor can require a debtor to pay a discharged debt as a condition of continuing a business relationship. *See, e.g., DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1023-24 (8th Cir. 2001). And, finally, it well established that a debtor may choose—because of a business relationship, a feeling of personal responsibility, or for some other reason—to pay a discharged debt. *See* 11 U.S.C. § 524(f).

Plaintiff does not challenge any of the above principles. The only twist in this case is that Plaintiff does not want to do business with Defendant. Instead, Plaintiff wants to secure credentials with AuctionAccess, and AuctionAccess will not give Plaintiff those credentials until Defendant removes its block based on the discharged debt. That is a distinction without a difference. No one is telling Plaintiff that he is

5

liable for the discharged debt or trying to collect it. Instead, a credentialing service is refusing to give Plaintiff credentials to buy wholesale cars. If a creditor can lawfully choose not to do business with a debtor because of a discharged debt, then a creditor can lawfully tell a third-party credentialing service that it should not credential a debtor because of a discharged debt. At the very least, there is "an objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart*, 139 S.Ct. at 1801. Accordingly, the Bankruptcy Court did not err in granting Defendant's motion to dismiss the Amended Complaint.

## Conclusion

The Bankruptcy Court's judgment is **AFFIRMED**.

A separate judgment will be entered.

**DONE** and **ORDERED** this 24th day of July 2019.

                                                /s/ Andrew L. Brasher
                                      ANDREW L. BRASHER
                                      UNITED STATES DISTRICT JUDGE